**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **JENNIFER POIRIER,** ) <br> **on behalf of herself and all others** ) <br> **similarly situated,** ) <br>             **Plaintiff** ) <br> ) <br> v. ) <br> ) <br> **GARRY T. MELIA and** ) <br> **ROBERT OSOL, individually and** ) <br> **d/b/a Melia & Osol, Attorneys at Law,** ) <br> **CONSTANCE SORENSON and** ) <br> **GERALD J. CONNORS, individually and** ) <br> **d/b/a C & C Constables, and** ) <br> **HARVARD FUNDING, LLC.,** ) <br> ) <br>             **Defendants** ) | **Civil Action No.** |

**COMPLAINT AND REQUEST FOR JURY TRIAL**

In this action, plaintiff contends that defendants conspired together and acted in concert to charge and collect constable fees from consumers which violated the Fair Debt Collection Practices Act, 15 U.S.C. §1601 *et seq.* and the Massachusetts Consumer Protection Act, G.L. c. 93A.

**Parties**

1. Plaintiff Jennifer Poirier is an individual who at all relevant times has resided in Lawrence and Methuen, Essex County, Massachusetts.

2. Defendants Garry T. Melia ("Melia") and Robert Osol ("Osol") are licensed Massachusetts attorneys who, on information and belief, own and operate the law firm "Melia & Osol" located in Worcester, Massachusetts.

3. Defendants Constance Sorenson ("Sorenson") and Gerald J. Connors ("Connors") are, on information and belief, constables appointed in one or more municipalities of the Commonwealth of Massachusetts, and at all times relevant to this complaint have conducted business under the name "C & C Constable Services."

4. Defendant Harvard Funding LLC ("Harvard") is, on information and belief, a Massachusetts limited liability company engaged in the business of debt-buying, i.e.., purchasing defaulted consumer debt for pennies on the dollar. On information and belief, it is owned by defendants Melia and Osol and is operated by them from the office of their law firm in Worcester, Massachusetts.

## Jurisdiction and Venue

5. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

7. On or about June 4, 2009, Harvard filed suit against plaintiff in the small claims session of the Lawrence District Court on an alleged consumer debt, i.e., a debt which had been incurred primarily for personal, family, or household purposes. Harvard was represented by Melia and Osol in said suit.

8. In the small claims complaint, defendants Harvard, Melia, and Osol alleged that plaintiff resided at 700 Haverhill Street, Lawrence, which was not plaintiff's current address. As a result, plaintiff never received a copy of the complaint or notice of hearing,

and on December 8, 2009, a default judgment was entered against plaintiff in the amount of $2,204.92.

9. On or about February 1, 2010, Harvard, Melia, and Osol filed with the Lawrence District Court a "motion to appoint special process server," supported by an affidavit signed by Osol. The motion sought appointment of "Gerald J. Connors and Constance Sorenson of C & C Constable Services" as special process servers for the purpose of levying on the execution to seize plaintiff's property. The motion stated that the appointment was warranted because, in part, it would result in a "great savings in . . money." The affidavit stated that the appointment was warranted because, in part, said constables "would effectively serve process in a timely manner allowing the Plaintiff to incur less cost, which would result in the Defendant incurring less cost." The Court allowed the motion on February 3, 2010.

10. On February 6, 2010, execution on the judgment issued at the request of Harvard, Melia, and Osol. The execution included post-judgment interest but did not include any post-judgment collection fees or costs.

11. On Friday, February 19, 2010, at approximately 10:00 p.m., Sorenson – acting on behalf of defendants Harvard, Melia, and Osol – levied on the execution by having plaintiff's automobile seized from the driveway of her home.

12. Plaintiff was unable to travel to work on the following Monday due to the loss of her car.

13. Plaintiff was unable to obtain any information regarding her car from Sorenson, Melia, or Osol until Monday afternoon. At that time, plaintiff was told by an employee of Melia and Osol that in order to recover her car plaintiff would have to pay the

judgment balance of $2,212.15, constable fees of $600, and towing and storage charges. Plaintiff was subsequently informed by Melia and Osol that plaintiff could pay the sum of $2,012 in satisfaction of the judgment, but that she would have to pay the constable fees in full directly to them, and would also have to pay the towing and storage fees separately in order to recover her car.

14.  On February 22, 2010, plaintiff traveled to the office of Melia and Osol in Worcester and paid the sum of $2,612 under protest, consisting of the adjusted judgment balance of $2,012 plus the $600 constable fee.  Plaintiff then traveled back to Methuen and paid $210 in order to recover her car from the towing company.

15.  Melia and Osol and their firm are "debt collectors" within the meaning of 15 U.S.C. §1692a(6), since a regular part of their business involves collecting or attempting to collect consumer debts for their clients.

16.  With respect to the allegations herein, Sorenson and Connors are "debt collectors" within the meaning of 15 U.S.C. §1692a(6) and 209 CMR 18.01 since a regular part of their business involved collecting or attempting to collect consumer debts for their clients.

## Class Action Claims

### COUNT I

17.  The allegations of paragraphs 1 – 16 are incorporated herein as if fully set forth.

18.  Because the Lawrence District Court had not ordered any post-judgment collection fees assessed against plaintiff, defendants' representations that Sorenson could charge and collect a constable fee from plaintiff was false and thereby violated 15 U.S.C. §1692e(2)(B).

19. As a result of defendants' unlawful conduct, plaintiff was damaged in the amount of $600.00.

## COUNT II

20. The allegations of paragraphs 1 – 16 are incorporated herein as if fully set forth.

21. Because the Lawrence District Court had not ordered any post-judgment collection fees assessed against plaintiff, defendants' representations that Sorenson could charge and collect a constable fee from plaintiff constituted the use of a false representation or deceptive means to collect or attempt to collect a debt, and thereby violated 15 U.S.C. §1692e(10).

22. As a result of defendants' unlawful conduct, plaintiff was damaged in the amount of $600.00.

## COUNT III

23. The allegations of paragraphs 1 – 16 are incorporated herein as if fully set forth.

24. The fee which defendants attempted to collect and did collect from plaintiff was not expressly permitted by any agreement creating the debt (the "debt" having been reduced to judgment) or Massachusetts law, and defendants' conduct therefore violated 15 U.S.C. §1692f(1).

25. As a result of defendants' unlawful conduct, plaintiff was damaged in the amount of $600.00.

## COUNT IV

26. The allegations of paragraphs 1 – 25 are incorporated herein as if fully set forth.

27. Sorenson and Connors were both appointed by the Lawrence District Court as special process servers, and acted in concert and conspired together to charge and to

collect from plaintiff the above-described fee, knowing or having reason to know that doing so was unlawful as set forth above.

28. Connors is jointly and severally liable with Sorenson for all damages sustained by plaintiff due to Sorenson's conduct, as set forth herein.

## COUNT V

29. The allegations of paragraphs 1 – 28 are incorporated herein as if fully set forth.

30. Defendants Harvard, Melia and Osol acted in concert and conspired with Sorenson and Connors to charge and to collect from plaintiff the above-described fee, knowing or having reason to know that doing so was unlawful as set forth above.  Harvard, Melia, and Osol each benefited from this arrangement by receiving prompt, individualized attention from Sorenson in connection with the seizure of plaintiff's motor vehicle and, on information and belief, other services.

31. Defendants Harvard, Melia and Osol are jointly and severally liable with Sorenson for all damages sustained by plaintiff due to Sorensen's conduct, as set forth herein.

## COUNT VI

32. The allegations of paragraphs 1 – 31 are incorporated herein as if fully set forth.

33. At all relevant times defendants were engaged in trade or commerce in Massachusetts within the meaning of G.L. c. 93A, section 1.

34. Defendants' conduct as set forth above was unfair and/or deceptive in violation of G.L. c. 93A, section 2, because it violated the FDCPA as aforesaid and because it violated corresponding regulations promulgated by the Commissioner of Banks and the Attorney General, and said misconduct was knowing or willful in nature.

35. By letters dated March 23, 2010, sent certified mail, return receipt requested, plaintiff served demands for relief on Sorenson, Harvard, Melia, and Osol under G.L. c. 93A, section 9, which demands reasonably described the acts and practices complained of and injuries suffered.

36. Defendants Harvard, Melia, and Osol received plaintiff's demand, but did not make a reasonable written tender of settlement within 30 days of receipt.

37. Defendant Sorenson refused and/or failed to claim plaintiff's demand letter from the United States Postal Service.

38. Plaintiff re-sent her demand letter to Sorenson on April 9, 2010, using a different address, but Sorenson again refused and/or failed to claim the letter from the United States Postal Service.

39. Defendants' failures to make reasonable and timely written tenders of settlement in response to plaintiff's demands were in bad faith with knowledge or reason to know that their conduct violated G.L. c. 93A, section 2.

## Class Allegations

40. Plaintiff brings counts I –VI of this complaint on behalf of herself and classes of persons similarly situated, as follows:

    (a) Members of "Class A" are all Massachusetts residents whose motor vehicle was seized on execution by Sorenson or Connors at any time within four years of the filing of this action pursuant to an execution resulting from a judgment entered on an alleged consumer debt, and who were charged – directly or indirectly - any fee or cost by Sorenson or Connors which had not been court-ordered or approved.  "Sub-class A-1" consists of members of Class A whose vehicle was seized at the direction of Melia and/or

Osol.  "Sub-class A-2 consists of members of Sub-class A-1 whose vehicle was seized as a result of an execution issued to or acquired by Harvard Funding.

(b) Members of "Class B" are all Massachusetts residents whose motor vehicle was seized on execution by Sorenson or Connors at any time within one year of the filing of this action pursuant to an execution resulting from a judgment entered on an alleged consumer debt, and who were charged – directly or indirectly – any fee or cost by Sorenson or Connors which had not been court-ordered or approved.  "Sub-class B-1" consists of members of Class B whose vehicle was seized at the direction of Melia and/or Osol.  "Sub-class B-2" consists of members of Sub-class B-1 whose vehicle was seized as a result of an execution issued to or acquired by Harvard Funding within one year of the filing of the complaint.

Excluded from each class and sub-class are defendants and their current and former officers, directors, employees, and agents.  Plaintiff alleges that the practice described herein is a standard one employed by defendants and therefore the class is sufficiently numerous such that joinder is impracticable.

41. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether defendants are debt collectors under the FDCPA, whether defendants were engaged in trade or commerce in Massachusetts, whether defendants' conduct violated the FDCPA and G.L. c. 93A as alleged, whether defendants' conduct should result in an award of multiple damages under G.L. c. 93A, the net worth of defendants, and whether defendants may be held jointly and severally liable for harm suffered by plaintiff and class members..

42. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

43. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

44. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

>WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) enjoin defendants from continuing to engage in the unlawful conduct complained of;

(iv) rescind all unlawful charges imposed by defendants against class members;

(v) award plaintiff and class members actual and statutory damages under the FDCPA against defendants, jointly and severally;

(vi) award plaintiff and class members actual damages or $25.00 under G.L. c. 93A, whichever is greater, against defendants jointly and severally;

    (vii)    double or treble any actual damages awarded under G.L. c. 93A;

    (viii)    award costs and attorney's fees against defendants, jointly and severally;

    (vii)    award such further relief as shall be just and proper.

## COUNT VII

45. The allegations of paragraphs 1 – 16 are incorporated herein as if fully set forth.

46. The $600 fee which Sorenson charged plaintiff in connection with the seizure of her car exceeded any amount permitted by Massachusetts law. Accordingly, defendants' representations that Sorenson could lawfully receive such a fee was false and violated 15 U.S.C. §1692e(2)(B).

47. As a result of defendants' unlawful conduct, plaintiff was damaged in the amount of $600.00.

## COUNT VIII

48. The allegations of paragraphs 1 – 16 are incorporated herein as if fully set forth.

49. Defendants' misrepresentations that Sorenson could lawfully charge and collect a $600 fee in connection with the seizure of plaintiff's vehicle constituted the use of a false representation and deceptive means to collect or attempt to collect a debt and thereby violated 15 U.S.C. §1692e(10).

50. As a result of defendants' unlawful conduct, plaintiff was damaged in the amount of $600.00.

## COUNT IX

51. The allegations of paragraphs 1 – 16 are incorporated herein as if fully set forth.

52. The fee which defendants attempted to and did collect from plaintiff exceeded that permitted by any agreement creating the debt (the "debt" having been reduced to

judgment) or Massachusetts law, and defendants' conduct therefore violated 15 U.S.C. §1692f(1).

53. As a result of defendants' unlawful conduct, plaintiff was been damaged in the amount of $600.00.

## COUNT X

54. The allegations of paragraphs 1 – 53 are incorporated herein as if fully set forth.

55. Sorenson and Connors were each appointed by the Lawrence District Court as special process servers, and acted in concert and conspired together to charge and to collect from plaintiff the above-described fee, knowing or having reason to know that it exceeded any amount which could lawfully be charged or collected under Massachusetts law.

56. Connors is jointly and severally liable with Sorenson for all damages sustained by plaintiff due to Sorenson's conduct, as set forth herein.

## COUNT XI

57. The allegations of paragraphs 1 – 53 are incorporated herein as if fully set forth.

58. Defendants Harvard, Melia and Osol acted in concert and conspired with Sorenson and Connors to charge and to collect from plaintiff the above-described fee, knowing or having reason to know that doing so was unlawful as set forth above. Harvard, Melia, and Osol benefited from this arrangement by receiving prompt, individualized attention from Sorenson in connection with the seizure of consumer's motor vehicles and, on information and belief, other services.

59. Defendants Harvard, Melia and Osol are jointly and severally liable with Sorenson for all damages sustained by plaintiff due to Sorensen's conduct, as set forth herein.

## COUNT XII

60. The allegations of paragraphs 1 – 59 are incorporated herein as if fully set forth.

61. At all relevant times defendants were engaged in trade or commerce in Massachusetts within the meaning of G.L. c. 93A, section 1.

62. Defendants' conduct as set forth above was unfair and/or deceptive in violation of G.L. c. 93A, section 2, because it violated the FDCPA as aforesaid and because it violated corresponding regulations promulgated by the Commissioner of Banks and the Attorney General, and said misconduct was knowing or willful in nature.

63. By letters dated March 23, 2010, plaintiff sent to Sorenson, Harvard, Melia, and Osol via certified mail, return receipt requested, demands for relief under G.L. c. 93A, section 9, which demands reasonably described the acts and practices complained of and injuries suffered.

64. Defendants Harvard, Melia, and Osol received plaintiff's demand, but did not make a reasonable written tender of settlement within 30 days of receipt.

65. Defendant Sorenson refused and/or failed to claim plaintiff's demand letter from the United States Postal Service.

66. Plaintiff re-sent her demand letter to Sorenson on April 9, 2010, using a different address, but Sorenson again refused and/or failed to claim the letter from the United States Postal Service.

67. Defendants' failures to make reasonable and timely written tenders of settlement in response to plaintiff's demands were in bad faith with knowledge or reason to know that their conduct violated G.L. c. 93A, section 2.

**Class Allegations**

68. Plaintiff brings counts VII –XII of this complaint on behalf of herself and classes of persons similarly situated, as follows:

(a) Members of "Class C" are all Massachusetts residents whose motor vehicle was seized on execution by Sorenson or Connors at any time within four years of the filing of this action pursuant to an execution resulting from a judgment entered on an alleged consumer debt, and who were charged a $600 constable fee by Sorenson or Connors. "Sub-class C-1" consists of members of Class C whose vehicle was seized at the direction of Melia and/or Osol. "Sub-class C-2 consists of members of Sub-class C-1 whose vehicle was seized as a result of an execution issued to or acquired by Harvard Funding.

(b) Members of "Class D" are all Massachusetts residents whose motor vehicle was seized on execution by Sorenson or Connors at any time within one year of the filing of this action pursuant to an execution resulting from a judgment entered on an alleged consumer debt, and who were charged a $600 constable fee by Sorenson or Connors. "Sub-class D-1" consists of members of Class D whose vehicle was seized at the direction of Melia and/or Osol. "Sub-class D-2" consists of members of Sub-class D-1 whose vehicle was seized as a result of an execution issued to or acquired by Harvard Funding.

Excluded from each class and sub-class are defendants and their current and former officers, directors, employees, and agents. Plaintiff alleges that the practice described herein is a standard one employed by defendants and therefore the class is sufficiently numerous such that joinder is impracticable.

69. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members. Common issues include whether defendants are debt collectors under the FDCPA, whether defendants were engaged in trade or commerce in Massachusetts, whether defendants' conduct violated the FDCPA and G.L. c. 93A as alleged, whether defendants' conduct should result in an award of multiple damages under G.L. c. 93A, the net worth of defendants, and whether defendants may be held jointly and severally liable.

70. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

71. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

72. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

  WHEREFORE, plaintiff prays that this Honorable Court:

(i)  certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii)  appoint plaintiff as class representative and the undersigned as class counsel;

(iii)   enjoin defendants from continuing to engage in the unlawful conduct complained of;

(iv)   rescind all unlawful charges imposed by defendants against class members;

(v)   award plaintiff and class members actual and statutory damages under the FDCPA against defendants, jointly and severally;

(vi)   award plaintiff and class members actual damages or $25.00 under G.L. c. 93A, whichever is greater, against defendants jointly and severally;

(vii)   double or treble any actual damages awarded under G.L. c. 93A;

(viii)   award costs and attorney's fees against defendants, jointly and severally;

(vii)   award such further relief as shall be just and proper.

## COUNT XIII

73. The allegations of paragraphs 1 – 16 are incorporated herein as if fully set forth.

74. The statement made by defendants Harvard, Melia and Osol in the motion and affidavit filed with the Lawrence District Court that the appointment of Sorenson and Connors as special process servers would result in a financial benefit for plaintiff constituted the use of a false representation or deceptive means to attempt to collect a debt, in violation of 15 U.S.C. §1692e(10).

## COUNT XIV

75. The allegations of paragraphs 1 – 16 are incorporated herein as if fully set forth.

76. At all relevant times Harvard, Melia and Osol were engaged in trade or commerce in Massachusetts within the meaning of G.L. c. 93A, section 1.

77. Defendants' conduct as aforesaid was unfair, deceptive, and unreasonable in violation of G.L. c. 93, section 49, hence violated G.L. c. 93A.

78. Defendants' conduct as aforesaid violated the FDCPA as alleged above, violated corresponding regulations promulgated by the Attorney General and Commissioner of Banks, and was therefore unfair and/or deceptive in violation of G.L. c. 93A, section 2.

79. Defendants' unlawful conduct was knowing or willful in nature.

80. As a result of defendants' conduct, plaintiff was harmed because the Court and plaintiff were given false and misleading information as to the merits of the motion filed by defendants.

81. By letter dated March 23, 2010, plaintiff sent to defendants via certified mail, return receipt requested, a demand for relief under G.L. c. 93A, section 9, which demand reasonably described the acts and practices complained of and injuries suffered.

82. Defendants received plaintiff's demand, but did not make a reasonable written tender of settlement within 30 days of receipt.

83. Defendants' failures to make reasonable and timely written tenders of settlement in response to plaintiff's demand were in bad faith with knowledge or reason to know that their conduct violated G.L. c. 93A, section 2.

## Class Allegations

84. Plaintiff brings counts XIII and XIV of this complaint on behalf of herself and classes of persons similarly situated. Members of "Class E" are all Massachusetts residents who were defendants in civil lawsuits based on an alleged consumer debt and in which - within 4 years of the filing of this action - Melia and/or Osol or their law firm filed a motion to have Sorenson and/or Connors appointed as special process server for

the purpose of levying on execution by seizing personal property, which motion (or supporting affidavit) indicated that said appointment would result in financial savings to the class member.  Members of "Sub-class D-1" are all members of Class D in whose cases the motion was filed within 1 year of the filing of this action. Excluded from the class and sub-class are defendants and their current and former officers, directors, employees, and agents.  Plaintiff alleges that the practice described herein is a standard one employed by defendants and therefore the class is sufficiently numerous such that joinder is impracticable.

85. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether defendants are debt collectors under the FDCPA, whether defendants were engaged in trade or commerce in Massachusetts, whether defendants' conduct violated the FDCPA and G.L. c. 93A as alleged, and the net worth of defendants.

86. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members.  Plaintiff and class members seek, and are entitled to, similar relief.

87. Plaintiff will fairly and adequately represent the interests of class members.  Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation.  Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

88. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard document and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) enjoin defendants from continuing to engage in the unlawful conduct complained of;

(iv) award plaintiff and class members statutory damages under the FDCPA against defendants, jointly and severally;

(v) award plaintiff and each class members $25.00 under G.L. c. 93A, against defendants jointly and severally;

(vi) award costs and attorney's fees against defendants, jointly and severally;

(vii) award such further relief as shall be just and proper.

## Individual Claims

### COUNT XV

89. The allegations of paragraphs 1 – 16 are incorporated herein as if fully set forth.

90. In the small claim complaint filed with the Lawrence District Court, defendants Harvard, Melia, and Osol specified an address for plaintiff which was incorrect at the time of filing.

91. Defendants' conduct constituted the use of a false representation or deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. 1692e(10).

92. As a result of defendants' unlawful conduct, plaintiff did not receive notice of the trial date, resulting in entry of a default judgment, issuance of execution, and seizure of plaintiff's car as set forth herein.  These events caused plaintiff to suffer financial loss, severe emotional distress and mental anguish, and severe and disabling physical pain and other physical symptoms.

   WHEREFORE, plaintiff prays for judgment awarding her actual damages; additional statutory damages; interest, costs, and reasonable attorney's fees.

## COUNT XVI

93. The allegations of paragraphs 1 – 16 and 90 – 92 are incorporated herein as if fully set forth.

94. At all relevant times defendants were engaged in trade or commerce in Massachusetts within the meaning of G.L. c. 93A, section 1.

95. Defendants attempted to collect the alleged debt in an unfair, deceptive, or unreasonable manner in violation of G.L. c. 93, section 49, hence violated G.L. c. 93A.

96. Defendants violated the FDCPA as aforesaid, hence violated G.L. c. 93A.

97. Defendant Harvard violated 209 CMR 18.16(10), hence violated G.L. c. 93A.

98. Defendants' unlawful conduct was knowing or willful in nature.

99. As a result of defendants' unlawful conduct, plaintiff did not receive notice of the trial date, resulting in entry of a default judgment, issuance of execution, and seizure of plaintiff's car as set forth herein.  These events caused plaintiff to suffer financial loss, severe emotional distress and mental anguish, and severe and disabling physical pain and other physical symptoms.

100. By letter dated March 23, 2010, plaintiff sent to defendants Melia and Osol via certified mail, return receipt requested, a demand for relief under G.L. c. 93A, section 9, which demand reasonably described the acts and practices complained of and injuries suffered.

101. Defendants received plaintiff's demand, but did not make a reasonable written tender of settlement within 30 days of receipt.

102. Defendants' failures to make reasonable and timely written tenders of settlement in response to plaintiff's demand were in bad faith with knowledge or reason to know that their conduct violated G.L. c. 93A, section 2.

WHEREFORE, plaintiff prays for judgment awarding her actual damages or $25.00, whichever is greater; doubling or trebling any actual damages awarded; plus interest, costs, and reasonable attorney's fees.

**Plaintiff claims trial by jury.**

JENNIFER POIRIER, plaintiff
By her attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
617-492-0522
kquat@quatlaw.com