## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JENNIFER POIRIER, )<br>on behalf of herself and all others )<br>similarly situated, )<br>                **Plaintiff** )<br> )<br>v. )<br> )<br>GARRY T. MELIA and )<br>ROBERT OSOL, individually and )<br>d/b/a Melia & Osol, Attorneys at Law, )<br>CONSTANCE SORENSON and )<br>GERALD J. CONNORS, individually and )<br>d/b/a C & C Constables, and )<br>HARVARD FUNDING, LLC., )<br> )<br>                **Defendants** ) | Civil Action No. 10-11091-RWZ |

### FIRST AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL

In this action, plaintiff contends that defendants conspired together and acted in concert to charge and collect constable fees from consumers which violated the Fair Debt Collection Practices Act, 15 U.S.C. §1601 *et seq.,* the Civil Rights Act, 42 U.S.C. §1983, and the Massachusetts Consumer Protection Act, G.L. c. 93A.

### Parties

1. Plaintiff Jennifer Poirier is an individual who at all relevant times has resided in Lawrence and Methuen, Essex County, Massachusetts.

2. Defendants Garry T. Melia ("Melia") and Robert Osol ("Osol") are licensed Massachusetts attorneys who, on information and belief, own and operate the law firm "Melia & Osol" located in Worcester, Massachusetts.

3. Defendants Constance Sorenson ("Sorenson") and Gerald J. Connors ("Connors") are, on information and belief, constables appointed in one or more municipalities of the Commonwealth of Massachusetts, and at all times relevant to this complaint have conducted business under the name "C & C Constable Services."

4. Defendant Harvard Funding LLC ("Harvard") is, on information and belief, a Massachusetts limited liability company engaged in the business of debt-buying, i.e.., purchasing defaulted consumer debt for pennies on the dollar. On information and belief, it is owned by defendants Melia and Osol and is operated by them from the office of their law firm in Worcester, Massachusetts.

## Jurisdiction and Venue

5. Plaintiff's federal law claims arise under 15 U.S.C. §1692 *et seq.* and 42 U.S.C. §1983, and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d), 42 U.S.C. §1988, and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Statement of Facts

7. On or about June 4, 2009, Harvard filed suit against plaintiff in the small claims session of the Lawrence District Court on an alleged consumer debt, i.e., a debt which had been incurred primarily for personal, family, or household purposes. Harvard was represented by Melia and Osol in said action.

8. In the small claims complaint, defendants Harvard, Melia, and Osol alleged that plaintiff resided at 700 Haverhill Street, Lawrence, which was not plaintiff's current

address. As a result, plaintiff never received a copy of the complaint or notice of hearing, and on December 8, 2009, a default judgment was entered against plaintiff in the amount of $2,204.92.

9. On or about February 1, 2010, Harvard, Melia, and Osol filed with the Lawrence District Court a "motion to appoint special process server," supported by an affidavit signed by Osol. The motion sought appointment of "Gerald J. Connors and Constance Sorenson of C & C Constable Services" as special process servers for the purpose of levying on the execution to seize plaintiff's property. The motion stated that the appointment was warranted because, in part, it would result in a "great savings in . . . money." The affidavit stated that the appointment was warranted because, in part, said constables "would effectively serve process in a timely manner allowing the Plaintiff to incur less cost, which would result in the Defendant incurring less cost." The Court allowed the motion on February 3, 2010.

10. On February 6, 2010, execution on the judgment issued at the request of Harvard, Melia, and Osol. The execution included post-judgment interest but did not include any post-judgment collection fees or costs.

11. On Friday, February 19, 2010, at approximately 10:00 p.m., Sorenson – acting on behalf of defendants Harvard, Melia, and Osol – levied on the execution by having plaintiff's automobile seized from the driveway of her home.

12. Plaintiff was unable to travel to work on the following Monday due to the loss of her car.

13. Plaintiff was unable to obtain any information regarding her car from Sorenson, Melia, or Osol until Monday afternoon. At that time, plaintiff was told by an employee

3

of Melia and Osol that in order to recover her car plaintiff would have to pay the judgment balance of $2,212.15, constable fees of $600, and towing and storage charges. Plaintiff was subsequently informed by Melia and Osol that plaintiff could pay the sum of $2,012 in satisfaction of the judgment, but that she would have to pay the constable fees in full directly to them, and would also have to pay the towing and storage fees separately in order to recover her car.

14. On February 22, 2010, plaintiff traveled to the office of Melia and Osol in Worcester and paid the sum of $2,612 under protest, consisting of the adjusted judgment balance of $2,012 plus the $600 constable fee. Plaintiff then traveled back to Methuen and paid $210 in order to recover her car from the towing company.

15. Melia and Osol and their firm are "debt collectors" within the meaning of 15 U.S.C. §1692a(6), since a regular part of their business involves collecting or attempting to collect consumer debts for their clients.

16. With respect to the allegations herein, Sorenson and Connors are "debt collectors" within the meaning of 15 U.S.C. §1692a(6) and 209 CMR 18.01 since a regular part of their business involves collecting or attempting to collect consumer debts for creditors and creditors' attorneys.

17. Sorenson and Connors were both appointed by the Lawrence District Court as special process servers, acted as an actual or *de facto* partnership, and acted in concert and conspired together to charge and to collect from plaintiff the above-described fee, knowing or having reason to know that doing so was unlawful as set forth above.

18. Connors is jointly and severally liable with Sorenson for all damages sustained by plaintiff due to Sorenson's conduct, as set forth herein.

19. At all times relevant to this complaint, Melia and Osol acted as agents for Sorenson and Connors in collecting fees in connection with the seizure of motor vehicles from judgment debtors.

20. Melia and Osol conspired with the constables, acted in concert with the constables, and maintained a symbiotic arrangement with the constables whereby the constables would provide Melia and Osol with prompt, personalized service and not charge them an up-front fee for the seizure of a judgment debtor's motor vehicle, and Melia and Osol would attempt to collect the constables' fee directly from the judgment debtor.

**Unauthorized seizure fee**

**COUNT I**

21. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

22. At no time was plaintiff liable for Sorenson's fee, since the fee was never court-approved.  By falsely representing that plaintiff owed $600 to Sorenson, Melia and Osol misrepresented the amount of the debt in violation of 15 U.S.C. §1692e(2)(A).

23. As a result of defendants' unlawful conduct, plaintiff was damaged in the amount of $600.00.

**COUNT II**

24. The allegations of paragraphs 1 – 23 are incorporated herein as if fully set forth.

25. Melia and Osol misrepresented the compensation which Sorenson could lawfully receive, in violation of 15 U.S.C. §1692e(2)(B).

26. As a result of defendants' unlawful conduct, plaintiff was damaged in the amount of $600.00.

### COUNT III

27. The allegations of paragraphs 1 – 26 are incorporated herein as if fully set forth.

28. The misrepresentation by Melia and Osol that Sorenson could charge and collect said unlawful fee from plaintiff constituted the use of a false representation or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e(10).

29. As a result of defendants' unlawful conduct, plaintiff was damaged in the amount of $600.00.

### COUNT IV

30. The allegations of paragraphs 1 – 29 are incorporated herein as if fully set forth.

31. The constable fee which defendants attempted to collect and did collect from plaintiff was not expressly permitted by any agreement creating the debt (the "debt" having been reduced to judgment) or Massachusetts law, and defendants therefore violated 15 U.S.C. §1692f(1).

32. As a result of defendants' unlawful conduct, plaintiff was damaged in the amount of $600.00.

### COUNT V

33. The allegations of paragraphs 1 – 32 are incorporated herein as if fully set forth.

34. By virtue of her appointment as special process server, defendant Sorenson acted under color of state law in connection with the seizure of plaintiff's car, and through her actions deprived plaintiff of rights secured to her by the FDCPA, thus violating 42 U.S.C. §1983.

35. As a result of defendants' unlawful conduct, plaintiff suffered deprivation of her civil rights and financial loss of $600.00.

**COUNT VI**

36. The allegations of paragraphs 1 – 35 are incorporated herein as if fully set forth.

37. Melia and Osol had Sorenson appointed as special process server and otherwise conspired and acted in concert with Sorenson to have plaintiff's car seized and to charge and collect unlawful fees from plaintiff. In addition, Melia and Osol enjoyed a symbiotic relationship with Sorenson whereby Sorenson would provide Melia and Osol with certain services and levels of services in exchange for which Melia and Osol would hire Sorenson to seize consumer's vehicles and assist Sorenson in collecting unlawful fees from consumers. Thus, Melia and Osol acted under color of state law and through their actions set forth above deprived plaintiff of rights secured to her by the FDCPA, thus violating 42 U.S.C. §1983.

38. As a result of defendants' unlawful conduct, plaintiff suffered deprivation of her civil rights and financial loss of $600.00.

**COUNT VII**

39. The allegations of paragraphs 1 – 38 are incorporated herein as if fully set forth.

40. At all relevant times defendants were engaged in trade or commerce in Massachusetts within the meaning of G.L. c. 93A, section 1.

41. Defendants' conduct as set forth above violated G.L. c. 93A, section 2, because it was unfair and/or deceptive, because it violated the FDCPA as aforesaid, because it violated 42 U.S.C. §1983 as aforesaid, and because it violated regulations promulgated by the Commissioner of Banks and Attorney General, and all such misconduct was knowing or willful in nature.

42. Plaintiff was injured by defendants' conduct by being subjected to false, misleading, deceptive, and unfair collection actions, by being deprived of civil rights, and by the loss of money.

43. By letters dated March 23, 2010, sent certified mail, return receipt requested, plaintiff served demands for relief on Sorenson, Melia and Osol under G.L. c. 93A, section 9, which demands reasonably described the acts and practices complained of and injuries suffered.

44. Defendants Melia and Osol received plaintiff's demand, but did not make a reasonable written tender of settlement within 30 days of receipt.

45. Defendant Sorenson refused and/or failed to claim plaintiff's demand letter from the United States Postal Service.

46. Plaintiff re-sent her demand letter to Sorenson on April 9, 2010, using a different address, but Sorenson again refused and/or failed to claim plaintiff's demand letter.

47. Defendants' failures to make reasonable and timely written tenders of settlement in response to plaintiff's demands were in bad faith with knowledge or reason to know that their conduct violated G.L. c. 93A, section 2.

## Class Allegations

48. Plaintiff brings counts I – VII of this complaint on behalf of herself and classes of persons similarly situated, as follows:

    *Class A and sub-classes:* "Class A" consists of all Massachusetts residents whose motor vehicles were seized on execution by Sorenson or Connors within four years of the filing of this action pursuant to an execution issued on a judgment on an alleged consumer debt, and who were charged any constable fee which had not been court-

approved.  Members of "Sub-class A-1" are all members of "Class A" whose motor vehicles were seized within one year of the filing of this action.  Members of "Sub-class A-2" are all members of "Class A" whose motor vehicles were seized at the request of Melia and/or Osol.  Members of "Sub-class A-3" are all members of "Sub-class A-2" whose motor vehicles were seized within one year of the filing of this action.

*Class B and sub-classes:*  "Class B" consists of all Massachusetts residents whose motor vehicles were seized on execution at the request of Melia and/or Osol within four years of the filing of this action pursuant to an execution issued on a judgment on an alleged consumer debt, and from whom Melia and/or Osol collected or attempted to collect any process server fee which had not been court-approved.  Members of "Sub-class B-1" are all members of "Class B" whose motor vehicles were seized on execution within one year of the filing of this action.  Members of "Sub-class B-2" are all members of "Class B" whose motor vehicles were seized by Sorenson or Connors.  Members of "Sub-class B-3" are all members of "Sub-class B-2" whose motor vehicles were seized within one year of the filing of this action.

Excluded from each class and sub-class are defendants and their current and former officers, directors, employees, and agents.  Plaintiff alleges that the practice described herein is a standard one employed by defendants and therefore the class is sufficiently numerous such that joinder is impracticable.

49.  There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether defendants are debt collectors under the FDCPA, whether defendants were engaged in trade or commerce in Massachusetts, whether defendants' conduct violated the FDCPA,

42 U.S.C. §1983, and/or G.L. c. 93A as alleged, whether defendants' conduct should result in an award of multiple damages under G.L. c. 93A, and whether defendants may be held jointly and severally liable for harm suffered by plaintiff and class members..

50. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

51. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

52. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard business practice and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) enjoin defendants from continuing to engage in the unlawful conduct complained of;

(iv) rescind all unlawful charges imposed by defendants against class members;

    (v)    award plaintiff and class members actual and statutory damages under the FDCPA against defendants, jointly and severally;

    (vi)    award plaintiff and class members damages pursuant to 42 U.S.C. §1988;

    (vii)    award plaintiff and class members actual damages or $25.00 under G.L. c. 93A, whichever is greater, against defendants jointly and severally;

    (viii)    double or treble any actual damages awarded under G.L. c. 93A;

    (ix)    award costs and attorney's fees against defendants, jointly and severally;

    (vii)    award such further relief as shall be just and proper.

## Excessive seizure fee

### COUNT VIII

53. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

54. If plaintiff was liable for a constable fee in connection with the seizure of her vehicle, the fee charged by Sorenson exceeded any amount permitted by Massachusetts law. By falsely representing that plaintiff owed $600 to Sorenson, Melia and Osol misrepresented the amount of the debt in violation of violated 15 U.S.C. §1692e(2)(A).

55. As a result of defendants' unlawful conduct, plaintiff suffered financial loss.

### COUNT IX

56. The allegations of paragraphs 1 – 20 and 54 are incorporated herein as if fully set forth.

57. By falsely representing that plaintiff owed $600 to Sorenson, Melia and Osol misrepresented the compensation which Sorenson could lawfully receive in violation of 15 U.S.C. §1692e(2)(B).

58. As a result of defendants' unlawful conduct, plaintiff suffered financial loss.

## COUNT X

59. The allegations of paragraphs 1 – 20 and 54 are incorporated herein as if fully set forth.

60. The misrepresentation by Melia and Osol that Sorenson could charge and collect said unlawful fee from plaintiff constituted the use of a false representation or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e(10).

61. As a result of defendants' unlawful conduct, plaintiff suffered financial loss.

## COUNT XI

62. The allegations of paragraphs 1 – 20 and 54 are incorporated herein as if fully set forth.

63. The constable fee which defendants attempted to collect and did collect from plaintiff was not expressly permitted by any agreement creating the debt (the "debt" having been reduced to judgment) or Massachusetts law, and defendants therefore violated 15 U.S.C. §1692f(1).

64. As a result of defendants' unlawful conduct, plaintiff suffered financial loss.

## COUNT XII

65. The allegations of paragraphs 1 – 64 are incorporated herein as if fully set forth.

66. By virtue of her appointment as special process server, defendant Sorenson acted under color of state law in connection with the seizure of plaintiff's car, and through her actions deprived plaintiff of rights secured to her by the FDCPA, thus violating 42 U.S.C. §1983.

67. As a result of defendants' unlawful conduct, plaintiff suffered deprivation of her civil rights and financial loss.

## COUNT XIII

68. The allegations of paragraphs 1 – 67 are incorporated herein as if fully set forth.

69. Melia and Osol had Sorenson appointed as special process server and otherwise conspired and acted in concert with Sorenson to have plaintiff's car seized and to charge and collect unlawful fees from plaintiff.  In addition, Melia and Osol enjoyed a symbiotic relationship with Sorenson whereby Sorenson would provide Melia and Osol with certain services and levels of services in exchange for which Melia and Osol would hire Sorenson to seize consumer's vehicles and assist Sorenson in collecting unlawful fees from consumers.  Thus, Melia and Osol acted under color of state law and through their actions set forth above deprived plaintiff of rights secured to her by the FDCPA, thus violating 42 U.S.C. §1983.

70. As a result of defendants' unlawful conduct, plaintiff suffered deprivation of her civil rights and financial loss.

## COUNT XIV

71. The allegations of paragraphs 1 – 70 are incorporated herein as if fully set forth.

72. At all relevant times defendants were engaged in trade or commerce in Massachusetts within the meaning of G.L. c. 93A, section 1.

73. Defendants' conduct as set forth above violated G.L. c. 93A, section 2, because it was unfair and/or deceptive, because it violated the FDCPA as aforesaid, because it violated 42 U.S.C. §1983 as aforesaid, and because it violated regulations promulgated by the Commissioner of Banks and  Attorney General, and all such misconduct was knowing or willful in nature.

74. Plaintiff was injured by defendants' conduct by being subjected to false, misleading, deceptive, and unfair collection actions, by being deprived of civil rights, and by the loss of money.

75. By letters dated March 23, 2010, sent certified mail, return receipt requested, plaintiff served demands for relief on Sorenson, Melia and Osol under G.L. c. 93A, section 9, which demands reasonably described the acts and practices complained of and injuries suffered.

76. Defendants Melia and Osol received plaintiff's demand, but did not make a reasonable written tender of settlement within 30 days of receipt.

77. Defendant Sorenson refused and/or failed to claim plaintiff's demand letter from the United States Postal Service.

78. Plaintiff re-sent her demand letter to Sorenson on April 9, 2010, using a different address, but Sorenson again refused and/or failed to claim plaintiff's demand letter.

79. Defendants' failures to make reasonable and timely written tenders of settlement in response to plaintiff's demands were in bad faith with knowledge or reason to know that their conduct violated G.L. c. 93A, section 2.

## Class Allegations

80. Plaintiff brings counts VIII – XIV of this complaint on behalf of herself and classes of persons similarly situated, as follows:

*Class C and sub-classes:* "Class C" consists of all Massachusetts residents whose motor vehicles were seized on execution by Sorenson or Connors within four years of the filing of this action pursuant to an execution issued on a judgment on an alleged consumer debt, and who were charged any constable fee in excess of that permitted by

Massachusetts law.  Members of "Sub-class C-1" are all members of "Class C" whose motor vehicles were seized on execution within one year of the filing of this action.  Members of "Sub-class C-2" are all members of "Class C" whose motor vehicles were seized at the request of Melia and/or Osol.  Members of "Sub-class C-3" are all members of "Sub-class C-2" whose motor vehicles were seized within one year of the filing of this action.

*Class D and sub-classes:*  "Class D" consists of all Massachusetts residents whose motor vehicles were seized on execution at the request of Melia and/or Osol within four years of the filing of this action pursuant to an execution issued on a judgment based on an alleged consumer debt, and from whom Melia and/or Osol collected or attempted to collect any process server fee in excess of that permitted by Massachusetts law.  Members of "Sub-class D-1" are all members of "Class D" whose motor vehicles were seized on execution within one year of the filing of this action.  Members of "Sub-class D-2" are all members of "Class D" whose motor vehicles were seized by Sorenson or Connors.  Members of "Sub-class d-3" are all members of "Sub-class D-2" whose motor vehicles were seized within one year of the filing of this action.

Excluded from each class and sub-class are defendants and their current and former officers, directors, employees, and agents.  Plaintiff alleges that the practice described herein is a standard one employed by defendants and therefore the class is sufficiently numerous such that joinder is impracticable.

81. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members.  Common issues include whether defendants are debt collectors under the FDCPA, whether defendants were engaged in

trade or commerce in Massachusetts, whether defendants' conduct violated the FDCPA, 42 U.S.C. §1983, and G.L. c. 93A as alleged, whether defendants' conduct should result in an award of multiple damages under G.L. c. 93A, and whether defendants may be held jointly and severally liable for harm suffered by plaintiff and class members..

82. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

83. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

84. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard business practice and class members are unlikely to file individual actions.

> WHEREFORE, plaintiff prays that this Honorable Court:
>
> (i) certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;
>
> (ii) appoint plaintiff as class representative and the undersigned as class counsel;
>
> (iii) enjoin defendants from continuing to engage in the unlawful conduct complained of;
>
> (iv) rescind all unlawful charges imposed by defendants against class members;

(v) award plaintiff and class members actual and statutory damages under the FDCPA against defendants, jointly and severally;

(vi) award plaintiff and class members actual damages or $25.00 under G.L. c. 93A, whichever is greater, against defendants jointly and severally;

(vii) award plaintiff and class members damages pursuant to 42 U.S.C. §1988;

(viii) double or treble any actual damages awarded under G.L. c. 93A;

(ix) award costs and attorney's fees against defendants, jointly and severally;

(vii) award such further relief as shall be just and proper.

### Fraudulent motion and affidavit

### COUNT XV

85. The allegations of paragraphs 1 – 20 are incorporated herein as if fully set forth.

86. The representation made by defendants Harvard, Melia and Osol in the motion and affidavit filed with the Lawrence District Court that the appointment of Sorenson and Connors as special process servers would result in a financial benefit for plaintiff constituted the use of a false representation or deceptive means to attempt to collect a debt, in violation of 15 U.S.C. §1692e(10).

### COUNT XVI

87. The allegations of paragraphs 1 – 20 and 86 are incorporated herein as if fully set forth.

88. At all relevant times Harvard, Melia and Osol were engaged in trade or commerce in Massachusetts within the meaning of G.L. c. 93A, section 1.

89. Defendants' conduct violated G.L. c. 93A, section 2, because it was unfair and deceptive, because it violated the FDCPA as aforesaid, because it violated G.L. c. 93,

§49, and because it violated regulations promulgated by the Attorney General and Commissioner of Banks.

90. Plaintiff was injured as a result of defendants' unlawful conduct because the Court and plaintiff were given false and misleading information as to the merits of the motion filed by defendants.

91. By letter dated March 23, 2010, plaintiff sent to Harvard, Melia and Osol via certified mail, return receipt requested, a demand for relief under G.L. c. 93A, section 9, which demand reasonably described the acts and practices complained of and injuries suffered.

92. Defendants received plaintiff's demands, but did not make a reasonable written tender of settlement within 30 days of receipt.

93. Defendants' failures to make reasonable and timely written tenders of settlement in response to plaintiff's demands were in bad faith with knowledge or reason to know that their conduct violated G.L. c. 93A, section 2.

## Class Allegations

94. Plaintiff brings counts XV and XVI of this complaint on behalf of herself and classes of persons similarly situated. "Class E" consists of all Massachusetts residents who were defendants in civil lawsuits based on alleged consumer debts in which - within four years of the filing of this action - Melia and/or Osol and/or their law firm filed a motion for the appointment of Sorenson and/or Connors as special process server for the purpose of levying on execution, which motion (and/or supporting affidavit) indicated that the appointment would result in financial savings to the class member. Members of "Sub-class E-1" are all members of "Class E" in whose cases the motion was filed within one

year of the filing of this action. Members of "Sub-class E-2" are all members of "Class E" in whose cases the motion was filed on behalf of Harvard. Members of "Sub-class E-3" are members of "Sub-class E-2" in whose cases the motion was filed within one year of the filing of this action. Excluded from the class and each sub-class are defendants and their current and former officers, directors, employees, and agents. Plaintiff alleges that the practice described herein is a standard one employed by defendants and therefore the class is sufficiently numerous such that joinder is impracticable.

95. There are issues of law and fact common to the class, which issues predominate over any questions particular to individual class members. Common issues include whether defendants are debt collectors under the FDCPA, whether defendants were engaged in trade or commerce in Massachusetts, whether defendants' conduct violated the FDCPA and G.L. c. 93A as alleged, and the net worth of defendants.

96. Plaintiff's claims are typical in that they arise from the same unlawful conduct as the claims of class members. Plaintiff and class members seek, and are entitled to, similar relief.

97. Plaintiff will fairly and adequately represent the interests of class members. Plaintiff is committed to a thorough and vigorous prosecution of this action, and has selected counsel with substantial experience in consumer class action litigation. Neither plaintiff nor counsel have any conflicts which would interfere with the successful prosecution of this case.

98. A class action is manageable, and is also a superior method for resolving this controversy since the claims all arise from a standard business practice and class members are unlikely to file individual actions.

WHEREFORE, plaintiff prays that this Honorable Court:

(i) certify plaintiff's claims pursuant to Fed.R.Civ.P. 23;

(ii) appoint plaintiff as class representative and the undersigned as class counsel;

(iii) enjoin defendants from continuing to engage in the unlawful conduct complained of;

(iv) award plaintiff and class members statutory damages under the FDCPA against defendants, jointly and severally;

(v) award plaintiff and each class members $25.00 under G.L. c. 93A, against defendants jointly and severally;

(vi) award costs and attorney's fees against defendants, jointly and severally;

(vii) award such further relief as shall be just and proper.

**Plaintiff claims trial by jury.**

        JENNIFER POIRIER, plaintiff
        By her attorney:

        */s/Kenneth D. Quat*
        BBO #408640
        QUAT LAW OFFICES
        678 Massachusetts Avenue, Suite 702
        Cambridge MA 02139
        617-492-0522
        kquat@quatlaw.com